NOT FOR PUBLICATION OR CITATION

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## LEXINGTON DIVISION

CIVIL ACTION NO. 05-CV-482-JBC

DUNCAN J. MCNEIL, III                                                      PLAINTIFF

VS:              **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA                                          DEFENDANT

    Duncan J. McNeil, III, who is incarcerated in Spokane, Washington, has filed a *pro se* civil rights complaint and a motion to proceed *in forma pauperis*. This matter is pending for initial screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970)); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970).

    On August 9, 2005, the United States District Court for the Eastern District of Washington entered an Order of Dismissal detailing the plaintiff's extensive history of frivolous filings in more than 70 judicial districts. The Order of Dismissal further indicated that Plaintiff has already received his "three strikes" under 28

U.S.C.§1915(g)[1] in *Duncan J. McNeil v. Robert H. Whaley, et al.*, 04-371-AAM.[2] The court's own research on the PACER system reveals that Mr. McNeil is a plaintiff or party to 237 cases in the federal courts, many of them reciting the same allegations as those raised here. Plaintiff attempts to circumvent Section 1915(g) by asserting a variety of creative but factually false or legally frivolous arguments, *e.g.*, that he was acting as a government actor and is thus entitled to qualified immunity; that he is not a "prisoner" but merely a "civil detainee"; or that he timely appealed all of the "strikes" against him and thus none of them can "count" against him. A review of Plaintiff's allegations in the complaint and the court's own research on the online PACER system establishes that these arguments are meritless. Section 1915(g) does permit a prisoner to bring an action if "the prisoner is under imminent danger of serious physical injury," but the plaintiff has neither alleged any such danger nor provided the court with specific and detailed evidence necessary to conclude that such a danger exists. Plaintiff's complaint must be dismissed with prejudice for failure to state a claim for relief upon which relief may be granted and as frivolous, and the court certifies that any appeal in this case is not taken in good faith and will not be certified for appeal by this court. 28 U.S.C. §1915(3) and Fed.R.App.P. 24(a).

---

[1] That section provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[2] The docket in that proceeding indicates that the plaintiff filed a notice of appeal therein, but did not obtain a stay pending appeal. Further, the Ninth Circuit has already denied plaintiff *in forma pauperis* status on appeal and dismissed his appeal for failure to prosecute.

## **CONCLUSION**

Accordingly, the court being sufficiently advised, it is hereby **ORDERED** as follows:

(1)    Duncan J. McNeil, III's motion to proceed *in forma pauperis* is **DENIED**.

(2)    This matter is **DISMISSED WITH PREJUDICE**, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendant.


Signed on December 7, 2005

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY